# UNITED STATES DISTRICT COURT
for the

District of Maryland

Northern Division

| | |
|---|---|
| Lamar A. Williams | Case No. __ELH 18 CV 3545__ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| -v- | |
| Paul M. Mayhew et. al. | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lamar A. Williams |
| Address | P. O. Box 175 |
| | Perry Hall / MD / 21128 |
| | *City / State / Zip Code* |
| County | Baltimore County |
| Telephone Number | 443-846-3049 |
| E-Mail Address | lamarW@live.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Paul M. Mayhew |
| Job or Title *(if known)* | |
| Address | 117d Osborne Avenue #D |
| | Catonsville / MD / 21228-4937 |
| | *City / State / Zip Code* |
| County | Baltimore County |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Suzanne T. Berger |
| Job or Title *(if known)* | |
| Address | 5615 Sweet Air Road |
| | Baldwin / MD / 21013-9007 |
| | *City / State / Zip Code* |
| County | Baltimore County |
| Telephone Number | |

E-Mail Address *(if known)*

☒ Individual capacity     ☒ Official capacity

Defendant No. 3
  Name: Micheal E. Field
  Job or Title *(if known)*:
  Address: 2416 Lightfoot Drive
  Baltimore, MD 21209-1550
  *City    State    Zip Code*
  County: Baltimore County
  Telephone Number:
  E-Mail Address *(if known)*:

☒ Individual capacity     ☒ Official capacity

Defendant No. 4
  Name: Andrew Maggio
  Job or Title *(if known)*: Dunbar Security
  Address: 50 Schilling Road
  Hunt Valley, MD 21031
  *City    State    Zip Code*
  County: Baltimore County
  Telephone Number:
  E-Mail Address *(if known)*:

☒ Individual capacity     ☒ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The right to equal protections under the law. In specifically my rights under Title VII of the Civil Rights Act of 1964, Section 1 of the 14th Amendement, the Civil Rights Act of 1871, 42 U.S. Code 1985 & 42 U.S. Code Section 1981 & 1981(a)

## ADDITIONAL DEFENDANTS

**Defendant No. 5**

Jennifer R. Frankovich
5 Scottsdale Court
Lutherville, MD 21093-4715
Individual Capacity & Official Capacity

**Defendant No. 6**

Kevin B. Kamenetz
12607 Waterspout Court
Owings Mill, MD 21117-1024
Individual Capacity & Official Capacity

**Defendant No. 7**

Lawrence M. Stahl
1307 Saddleback Road
Pikesville, MD 21208

**Defendant No. 8**

James G. Beach, III
30 Neptune Drive
Joppa, MD 21085-4520

**Defendant No. 9**

Baltimore County Council
400 Washington Avenue
Towson, MD 21204
410-887-3196
countycouncil@baltimorecountymd.gov

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All of these individuals decided to ignore the mandate of the Americans with Disabilities Act and retaliated against me immediately after I engaged in protected activity and while I was engaged in protected activity.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Through my Baltimore County email, in the Baltimore County office building, the Old Court building, the Human Resources building and at my home on July 16, 2016

B. What date and approximate time did the events giving rise to your claim(s) occur?

Dates June 1, 2015, October 21-23, 2015, the week of October 26, 2015, October 27, 2015 through November 23, 2015, November 24, 2015 through January 8, 2016, February 4, 2016, April 22, 2016, June 16, 2016, December 9, 2016, year 2017 and year 2018.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see attached statement of claims

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have suffered lose of income in the amount of almost $200,000, lost health benefits, lost of my retirement fund, lost of seniority, lost of front pay in the amount of $3 million, punitive damages in the amount of $100 million and just recently I've having severe nerve pain in my left arm that is directly related to Vincent J. Gardina et. al.'s deliberate violation of my civil rights on, leading up to and after November 23, 2015.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Will submit later

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE-NIGHT BOX
2018 NOV 23 PM 5: 13
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

|  |  |
|---|---|
| **LAMAR A. WILLIAMS** | * |
| **Plaintiff** | |
| v. | * CIVIL NO. |
| **PAUL M. MAYHEW et. al.** | * Related Case: ELH18CV3545 |
|  | JKB-17-00066 |
| **Defendants** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### STATEMENT OF CLAIMS AND DEMAND FOR JURY TRIAL

Plaintiff, Lamar A. Williams, *pro se*, advocating on behalf of himself, pursuant to Paul M. Mayhew et. al.'s violations of all but not limited to: 42 U.S. Code § 1983, Federal Rules of Civil Procedure 9(b) 15(d), 26(c), 37, 59(e), 60, 62(b)(3) & 78(a) and 28 U.S. Code §§ 351-364, 28 U.S. Code §§ 351-364 & Chapter 3 § 320, Article I, 3(Definitions)(h)(D), (h)(E) & (h)(G), the 7th Amendment of the United States Constitution, Section 1 of the 14th Amendment, 42 U.S. Code § 1981, 42 U.S. Code § 1985 & 28 U.S. Code § 455, Maryland Rule 16-905(a), the Maryland General Assembly Code GP 4-304, 4-311 & GP 4-329, the Privacy Act of 1974, 38 US Code 7332 and 31 CFR 501.733; regarding the nondisclosure of personnel records and confidential medical records to the public and American Bar Association Model Code of Professional Responsibility DR 7-105(a); hereby moves this Honorable Court to issue an order and judgment in favor of the plaintiff against the assets Paul M. Mayhew et. al. in their 'individual capacity' and/or their 'official capacity' for lost income totaling $200,000 and a total of $200 million in punitive damages. Plaintiff contends that the Defendant discriminated against him as a disabled African American man over the age of 40, effecting discriminating against him because of the combination of his

1

race, age and disability. For the reasons set forth herein, the plaintiff prays that his request be granted.

The actions by Paul M. Mayhew et. al. on, leading up to and after November 23, 2015 alleged herein also constitute a violation of but not limited to: Section I of the 14th Amendment of the United States Constitution, 42 U.S. Code § 1983, the Civil Rights of Act 1871, 42 U.S. Code § 1985, 42 U.S. Code § 12203; violations of which may be the subject of a personal action by the plaintiff.

In addition, the Plaintiff contends that the actions undertaken against him arose from a retaliatory *animus* because he demanded that his natural born rights as a United States citizen be protected and in retaliation for the Plaintiff engaging in protected activity on October 26, 2015.

Plaintiff contends that Paul M. Mayhew et. al. illegally & abusively exercised their authority, to falsify affidavits, to make false declarations to a U.S. District Court and exacerbated his disabilities.

These malicious actions by the Paul M. Mayhew et. al. combined with threatening the plaintiff, have retaliated against the Plaintiff Lamar A. Williams and have set forth to make an example of Lamar A. Williams so there won't be any other 'uppity negros' like him.

The plaintiff would also like to note that his claim is not subject to *collateral estoppel* and is therefore not estopped from being litigated because James K. Bredar did not discuss the defendant's violations of the plaintiff's civil rights. All James K. Bredar did was reiterate the defendant's lies and narratives in case no. JKB-17-00066.

In support of this action, which he prays in relevant part be heard before this Honorable Court the plaintiff is requesting as follows:
2

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1343, in that this action, in part, arises under the Constitution of the United States and the laws of the United States and asserts a violation of civil rights secured by the United States Constitution and by federal law.

2. To the extent that this Court has original jurisdiction one or more of the claims in this action, as is supported by the allegations set forth herein, and that such claims brought by the Plaintiff under State law are so related to those claims in this action within the Court's original jurisdiction that the State law claims form part of the same case or controversy under Article III of the United States Constitution, this Court has supplemental jurisdiction over such State law claims in accordance with 28 U.S.C. § 1367.

3. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because the Plaintiff's causes of action arose within the District of Maryland. In addition, there is no other district within which this action may be brought, and the Defendants governmental entity is located in the State of Maryland.

## THE PARTIES

4. The Plaintiff Williams is a natural born United States citizen who had filed a complaint in the U.S. District Court of Maryland against Baltimore County et. al. on January 9, 2017. The plaintiff is currently homeless.

5. The Defendants are persons who sole responsibility is to not retaliate against Baltimore County employees in a protected class. The primary residence of Paul M. Mayhew et. al. is located at 117d Osborne Avenue #D, Catonsville, MD 21228.

3

6. The plaintiff has tried to avoid filing a complaint against all of these u.s. citizens acting under the color of state law, but since James K. Bredar and other courts have dismissed the plaintiff's complaints, then the only way the plaintiff will obtain relief is for this court to order the seizure of all of these person's property and assets, arrest them, prosecute them to the fullest extent that the law allows, find them guilty of violating the plaintiff's civil rights, committing acts of perjury, obstruction to the plaintiff's civil right to relief and ultimately be imprisoned for their malicious actions against the plaintiff.

7. The Defendants Paul M. Mayhew et. al. work for Baltimore County government. They are sued in their 'individual capacity' and/or their 'official capacity' for their malicious actions in response to the claims asserted by Plaintiff. For purposes of this action, Defendants Paul M. Mayhew et. al. are persons acting under color of State law within the meaning of those terms as provided in 42 U.S.C. § 1983.

## BACKGROUND FACTS

8. Paul M. Mayhew et. al. advised the defendant Vincent J. Gardina et. al. to violate the plaintiff's civil rights, made false declarations to numerous courts, submitted false affidavits to federal courts, advised other u.s. citizens to lie in a sworn affidavits and ultimately violated numerous law, mandates and statutes within the U.S. Constituion and the Maryland Rules, Attorney Rules.

9. The plaintiff reserves the right to submit a more detailed complaint against Paul M. Mayhew et. al. as may become apparent during the course of this litigation. But in the interest of time and the statute of limitations of 1096 days to file a complaint under 42 U.S. Code § 1983, the plaintiff needed to submit this preliminary complaint by November 23, 2018.

4

## CONCLUSION

While Paul M. Mayhew et. al. believes, they terminated Mr. Williams justly, they've also caused him an extreme undue hardship. Therefore, if this court agrees their rejection of Mr. Williams accommodation request, his transfer request and ultimate termination was without just cause, they are not only liable for back pay, and noneconomic damages not to exceed $300,000, they are also liable for front pay the plaintiff would have received in continued employment[1].

In addition to such other relief that this Honorable Court deems proper.

Respectfully submitted,

Lamar A. Williams
P.O. Box 175
Perry Hall, MD
lamarW@live.com
Plaintiff, *pro se*

## REQUEST FOR JURY TRIAL

I, the Plaintiff, Lamar A. Williams, *pro se*, advocating on behalf of myself, hereby requests trial by jury with respect to such portions of my claim as to which each is entitled a jury trial.

Lamar A. Williams, Plaintiff, *pro se*

---

[1] In *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. ___ (2001), the United States Supreme Court, in a unanimous decision, and the way the Mr. Williams is understanding it, has ruled that an individual is entitled to recover unlimited "front pay" damages for "lost" future earnings under Title VII of the Civil Rights Act of 1964. Where reinstatement is not feasible and front pay is ordered by the trial court, the statutory cap on the amount of compensatory and punitive damages an individual may recover as a result of a violation of Title VII rights does not apply to front pay, the Court determined. Ruling unanimously, the Court concluded that the award of front pay was not subject to the statutory cap (which increases, up to $300,000, as the size of the employer's work force increases). In so ruling, the Supreme Court held that the Title VII remedy of front pay is akin to that of back pay because it makes the worker whole for lost wages. As such, it should not be treated as an element of compensatory or punitive damages and limited by the statutory cap.

5

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 23, 2015

Signature of Plaintiff

Printed Name of Plaintiff: Lamar A. Williams

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Name of Law Firm
Address

_____
City     State     Zip Code

Telephone Number
E-mail Address