IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMAR A. WILLIAMS<br>Plaintiff | * CIVIL NO. ELH-18-03545 |
| v. | * Related Cases:<br>JKB-17-00066 & ELH-18-03623 |
| PAUL M. MAYHEW et. al.<br>Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RULE 26(C)(1) & RULE 32(a)(5)(B) MOTION FOR PROTECTIVE ORDER

Plaintiff, Lamar A. Williams, *pro se*, advocating on behalf of himself, pursuant to Federal Rules of Civil Procedure 26(C)(1) & 32(a)(5)(B), hereby moves this Honorable Court to issue a protective order forbidding the plaintiff from having to give the defendants a deposition. For the reasons set forth herein, the plaintiff's motion should be GRANTED.

F.R.C.P. Rule 32(a)(5)(B) *Unavailable Deponent; Party Could Not Obtain an Attorney*, states that: A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

F.R.C.P. Rule 26(C)(1) *In General*. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:..........

It is the plaintiff's belief that if the defendant were to depose the plaintiff, it would only be to glean information that will cause the plaintiff annoyance, embarrassment, oppression, or an undue burden. This combined with the fact that the plaintiff is *'pro se'*, and *'in forma pauperis'*, the plaintiff is therefore engaging in protected activity and declaring his natural born constitutional right, to not be deposed without counsel.

WHEREFORE, plaintiff, *pro se*, Lamar A. Williams, hereby moves this Honorable Court to issue an ORDER forbidding the defendants from demanding a deposition from the defendant and from using the plaintiff's deposition that was taken within 14-days of Paul M. Mayhew's November 20, 2017 notice to depose the plaintiff on November 29, 2017.

Respectfully submitted,

Lamar A. Williams
P.O. Box 115
Perry Hall, MD
lamarW@live.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify on this 6th day of March 2019, a true pdf copy of Rule 26(C)(1) Motion for Protective Order will be electronically mailed to:

Michael G. Raimondi
Assistant County Attorney
400 Washington Avenue, 2nd Floor
Towson, MD 21204
410-887-4420 (Tph)
mraimondi@baltimorecountymd.gov
Trial Bar No.: 05465

*(signature)*
Lamar A. Williams, plaintiff

3