IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMAR WILLIAMS,
   *Plaintiff*,

v.

PAUL MAYHEW, *et al.*
   *Defendants*.

Civil Action No. ELH-18-3545

**MEMORANDUM**

This Order resolves the "Rule 8(a)(1)(C) Motion for Injunction" submitted by the self-represented plaintiff, Lamar Williams. ECF 92 (the "Motion"). Although styled as a motion for an injunction, the Motion actually asks the Court to "stay all proceedings, yet allow[] discovery to continue," pending plaintiff's appeal of the Court's denial of his request to amend the revised Scheduling Order. *Id*. at 2.

By Order of January 10, 2022 (ECF 85), the Court issued a revised Scheduling Order, setting a new discovery deadline of March 21, 2022, and a summary judgment deadline of April 21, 2022. *Id*. (the "Scheduling Order"). The circumstances leading to the revised Scheduling Order are described in the Court's Order of February 4, 2022, and incorporated here. *See* ECF 91.

After the issuance of ECF 85, plaintiff sought to amend the Scheduling Order to preclude any summary judgment motions, based on a claim of waiver. ECF 90. Instead, he asked the Court, *inter alia*, to schedule a jury trial within six months. ECF 90. By Order of February 4, 2022 (ECF 91), the Court denied plaintiff's request.

On February 17, 2022, plaintiff noted an interlocutory appeal of ECF 91 to the Fourth Circuit. ECF 93. At about the same time, he filed the Motion, seeking to stay the proceedings in this case, but to allow discovery to continue during the pendency of his appeal. ECF 92.

"As a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

In his notice of appeal, plaintiff purports to ground his interlocutory appeal in the collateral order doctrine. *See* ECF 93. And, with exceptions not relevant here, such as appeals regarding denials of immunity, "appeals under the collateral order doctrine do not generally divest the district court of jurisdiction over issues not under consideration in the appeal." *City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 16, 50 (S.D.N.Y. 2006). Accordingly, the Court retains jurisdiction to consider plaintiff's request to stay proceedings during the pendency of his appeal. *See, e.g.*, *Fed. Energy Regulatory Comm'n v. Barclays Bank PLC*, No. 2:13-cv-2093, 2016 WL 793999 (E.D. Cal. Mar. 1, 2016) (considering and rejecting, on the merits, a motion to stay proceedings pending appeal of the district court's scheduling order).

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. But, that discretion is not without limits. *Landis v. North American*, 299 U.S. 248, 254 (1936); *see also, e.g.*, Fed. R. App. P. 8(a)(1)(A) (providing that a party must ordinarily first move in the district court for "a stay of the judgment or order of a district court pending appeal"); *Iko v. Galley*, DKC-04-3731, 2008 WL 11494774, at *1 (D. Md. Feb. 26, 2008) (a trial court is not necessarily required to stay proceedings during an interlocutory appeal, but has the discretion to do so).

A stay is "'an exercise of judicial discretion' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting

*Virginia Ry Co. v. United States*, 272 U.S. 658, 672 (1926)).  The party requesting a stay bears the burden of showing that a stay is warranted.  *Nken*, 556 U.S. at 433-34.

When evaluating a motion to stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id*. at 434; *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *Nero v. Mosby*, MJG-16-1288, 2017 WL 1048259, at *1 (D. Md. Mar. 20, 2017).  The first two factors are the "most critical."  *Nken*, 556 U.S. at 434.

In my view, the requested stay is not appropriate and not in the interests of the effective management of the case.  To be sure, plaintiff's interlocutory appeal bears on the upcoming schedule in this case.  But, as plaintiff knows from his earlier interlocutory appeal (ECF 68), the right to an interlocutory appeal is limited.  And, the Fourth Circuit previously dismissed plaintiff's interlocutory appeal.  *See* ECF 75; ECF 75-1.  Indeed, there are a plethora of Fourth Circuit decisions concluding that the Fourth Circuit lacks jurisdiction over appeals related to scheduling orders.  *See, e.g.*, *Underdue v. Wells Fargo*, 843 Fed. App'x 526 (4th Cir. 2021) (per curiam); *Sanders v. S.C. Workers' Compensation Comm'n*, 748 Fed. App'x 568 (4th Cir. 2019) (per curiam); *Zulveta v. TC Unlimited Inc.*, 672 Fed. App'x 255 (4th Cir. 2016) (per curiam); *Fishback v. Shearin*, 472 Fed. App'x 271 (4th Cir. 2012) (per curiam); *Holsey v. State of Md.*, 2 F.3d 1149 (4th Cir. 1993) (per curiam).

Furthermore, district courts have broad discretion in managing discovery and case scheduling.  *See, e.g.*, *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986); *Eller v.*

3

*Prince George's Cty.*, TDC-18-3649, 2019 WL 13108488, at *3 (D. Md. Oct. 18, 2019).  Thus, it appears unlikely that plaintiff will succeed on the merits of his appeal.

Moreover, permitting discovery to continue, as plaintiff has also requested, would be inconsistent with a stay.  And, plaintiff has said that he seeks a prompt resolution of the case.  But, a stay would interfere with that objective.  In addition, plaintiff has made no showing of irreparable injury absent a stay.  If any changes to the Scheduling Order are required by the Fourth Circuit, they could be accommodated even if discovery has concluded and summary judgment has been briefed.

For the foregoing reasons, I shall deny the Motion.  Within 21 days of the docketing of this Memorandum and the accompanying Order, defendants may move to rescind the Order as improvidently granted.

An Order follows.


Date:   February 22, 2022                             /s/
                                              Ellen L. Hollander
                                              United States District Judge